UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR LAWRY<br>Plaintiff,<br>v.<br>DEPUTY WARDEN VINCENZO BARONE,<br>Defendant. | **MEMORANDUM AND ORDER**<br>23-CV-03625 (LDH) (SIL) |

LASHANN DEARCY HALL, United States District Judge:

Trevor Lawry ("Plaintiff") brings this action against Deputy Warden Vincenzo Barone ("Defendant") pursuant to 42 U.S.C. §1983 alleging a deprivation of medical care. (Complaint, at 3 ("Compl."), ECF. No. 1.) Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment.

## UNDISPUTED FACTS[1]

This dispute arises from the alleged medical neglect Plaintiff suffered while being held at Yaphank Correctional Facility ("Yaphank") in Suffolk County, New York. On November 15, 2022, Plaintiff was admitted to Yaphank as a pre-trial detainee. (Ex. E. ("Booking Sheet"), ECF

[1] The following facts are taken from Defendant's unopposed 56.1 Statement and its cited evidence. (Pls. Rule 56.1 Statement ("56.1 Stmt."), ECF No. 59, Ex. 11.) Because Defendant's 56.1 Statement was unopposed by Plaintiff, the facts are deemed admitted by Plaintiff *See Giannullo v. City of N.Y.,* 322 F.3d 139, 140 (2d Cir.2003) ("If the opposing party ... fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") The Court would be inclined to construe the declaration attached to Plaintiff's opposition to Defendant's motion for summary judgement as Plaintiff's Rule 56.1 Statement, however, Plaintiff fails to provide any cites to the record that would support the statements made in the declaration. *See* Local Rule 56.1 ("Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)."). Therefore, the Court is unable to treat Plaintiff's declaration as a 56.1 Statement.

No. 59-7.) Plaintiff suffered injuries to his back, neck, shoulder, and nervous system while "coming into [Yaphank]" and "being detained by the [U.S.] Marshals." (Ex. B ("Dep. Tr.") 19:14–20:16, ECF No. 59-4.) Following his admission to Yaphank, Plaintiff requested medical assistance from corrections officers and staff and complained about his physical injuries and pain. (Ex. B. 21:1-22:19.) In response to these complaints, Plaintiff was first given over-the-counter pain relievers such as Tylenol and Motrin on or about November 15, 2022, which were ineffective in managing his pain. (Ex. B 40:22-41:5; 56.1 Stmt. ¶ 21.) On November 16, 2022, Plaintiff received a referral for an outside medical visit and was taken to Stony Brook Orthopedic Associates for a consolation on April 12, 2023. (Ex. B 41:6-42:11; 56.1 Stmt. ¶¶ 22-23.) In between the November 16, 2022 referral and the April 12, 2023 consultation, Plaintiff received the following medical interventions while incarcerated: (1) Medrol, Naproxen and Aleve administered by Yaphank medical staff to help manage Plaintiff's back and shoulder pain and to help him sleep, (Ex. B 39:24-40:15; 56.1 Stmt. ¶ 20); (2) X-rays of his left shoulder, lumbosacral spine and cervical spine on January 20, 2023, (Ex. B 36:22-39:16; 56.1 Stmt. 17-18); and (3) a cervical spine MRI on February 24, 2023, and an Electromyography (EMG) and nerve conduction study on March 13, 2026, (Ex. B. 45:8-24; 47:10-20; 56.1 Stmt. ¶¶ 24-25, 28-29.) At Plaintiff's April 12, 2023, consultation with Stony Brook Orthopedic Associates, a second MRI was scheduled for April 26, 2023, this time of Plaintiff's left shoulder. (Ex. B. 50:9-17.) Plaintiff also had subsequent appointments with a neurologist on May 2, 2023, and with orthopedics on June 14, 2023. (*Id.* at 50:19-22; 54:2-10.)

Despite these interventions, Plaintiff alleges he was denied the medical attention he needed from November 15, 2022 to May 1, 2023. (*Id.* at 54:13-54:21.) Plaintiff believes he filed a grievance in November 2022 to challenge the alleged denial of medical care. (*Id.* at 29:5-

13; 58:18-59:4.) While there is no record of the filed grievance, Plaintiff testified that a "grievance officer spoke to [him]" and that Plaintiff believed his grievance was under investigation. (*Id*. at 58:18-60:5*;* 56.1 Stmt. ¶ 37.) In addition to the grievance potentially filed in November 2022, Plaintiff testified that he wrote a letter to Defendant Barone informing the Defendant of the medical neglect that Plaintiff was experiencing. (*Id*. at 29:5-9; 63:9-21; 56.1 Stmt. ¶ 13.) Following this letter, Plaintiff testified that a "lieutenant came down and spoke to me and was assuring me that he was going to get me to proper medical staff and my visits." (Ex. B 63:14-21; 56.1 Stmt. ¶¶ 38-39.) This letter does not appear in the record and, outside of this letter, Plaintiff testified that there was no other way for Defendant to be aware of the alleged medical neglect Plaintiff was experiencing. (Ex. B. 64:6-9; 56.1 Stmt. ¶¶ 39-41, 47.) Defendant had no personal involvement in Plaintiff's medical care or treatment and did not oversee the medical care of those incarcerated at Yaphank. (Ex. G, ("Barone Aff.") ¶ 3, ECF No. 59-9; 56.1 Stmt. ¶¶ 45-46.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp*., 477 U.S. at 325. Once the movant meets their initial burden, the

non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (citations omitted).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted), including when facing a summary judgment motion. *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003). Nevertheless, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id*. at 50 (internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff's Claims are Barred by the PLRA

Defendant primarily argues that summary judgement should be granted based upon Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). The Court agrees.

The PLRA demands that a "prisoner confined in any jail, prison, or other correctional facility" seeking to challenge prison conditions by alleging a violation of 42 U.S.C. §1983 or another federal law must first exhaust all available administrative remedies. 42 U.S.C.A. §1997e. The "proper exhaustion of administrative remedies, meaning exhaustion in compliance with an agency's deadlines and other critical procedural rules" is required. *Lucente v. Cnty. of*

*Suffolk*, 980 F.3d 284, 311 (2d Cir. 2020) (internal quotes omitted). Prisoners may be exempt from the PLRA's exhaustion requirement when administrative remedies are unavailable. *Id*. Generally, administrative remedies are considered unavailable when (1) they operate as a "simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) they are "so opaque that [they] become[], practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation". *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). The test for deciding the unavailability of administrative remedies "must be an objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." *Lucente*, 980 F.3d at 311-12 (quoting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)).

Here, Plaintiff alleges that he "exhausted his administrative remedies with respect to all claims." (Compl. at 3). Not So. It is uncontested that Plaintiff received a copy of the inmate handbook upon his admission to Yaphank on November 15, 2022, and should have been fully aware of the available grievance procedures. (Ex. B 60:6-9; 56.1 Stmt. ¶ 43.) The handbook details a three-tiered process that outlines the procedure prisoners must follow to initiate a formal grievance and appeal an adverse decision. (Ex. H ("Handbook") at 16-18, ECF No. 59-10.) There is nothing in the record to indicate that Plaintiff was prevented from following the grievance procedure outlined and it is uncontested that Plaintiff did not file a formal grievance while incarcerated at Yaphank. (Ex. F ("Lambert Aff.") ¶ 8, ECF No. 59-8; 56.1 Stmt. ¶ 44.) It is true that Plaintiff maintains that he wrote a letter to Defendant Barone regarding the alleged medical neglect he was suffering. (Ex. B. at 63:9-21; Stmt. ¶ 13, 37.) However, Second Circuit case law makes it clear that informal complaints outside of the proscribed grievance process are

insufficient to satisfy the PLRA's exhaustion requirement. *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007); *Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009). Thus, Plaintiff's claims are barred by the PLRA due to his failure to exhaust the available administrative remedies prior to filing this current action. Plaintiff does not raise any issues of triable fact sufficient to withstand summary judgment.

## II. Plaintiff's Request for Leave to Amend is Denied

Plaintiff requests leave to file an Amended Complaint in order to add a Bivens claim for excessive force and medical negligence,[2] and to add four additional defendants who Plaintiff claims were responsible for his medical care and custody at the county jail. (Mot. for Leave to File Document ("Amended Compl."), ECF No. 63.) Although Rule 15(a) provides that leave to amend should be freely given, the Second Circuit has consistently held that "it is within the sound discretion of the district court to grant or deny leave to amend." *Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 (2d Cir. 2018) (summary order) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). While Plaintiff identifies the allegations and causes of action he intends to include in his Amended Complaint, the proposed Amended Complaint does not cure the main defect of the original Complaint: the failure to exhaust administrative remedies prior to bringing the present action. Plaintiff's failure to exhaust his administrative remedies makes any amendment futile and "[l]eave to amend may properly be denied if the amendment would be futil[e]". *Grullon v. City of New Haven*, 720 F.3d 133, 140

[2] Plaintiff's ability to assert any Bivens action would depend on the Court's finding that Plaintiff's claims bear some resemblance to the one of three Biven's claims recognized by the Supreme Court post *Ziglar* and do not present a new context. *See Edwards v. Gizzi*, 107 F.4th 81, 84 (2d Cir. 2024) (Park, M., concurring).

(2d Cir. 2013) (quotation omitted). Accordingly, the Court declines to grant Plaintiff leave to file an Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Further, Plaintiff's motion for leave to file an Amended Complaint is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge